IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| AMY ROLLS ON BEHALF OF THE MINOR CHILD A.R., <br><br> Plaintiff, <br><br> v. <br><br> PACKAGING CORP. OF AMERICA, INC., ET AL. <br><br> Defendants. | Case No. 18-cv-188 |

**NOTICE OF REMOVAL**

Packaging Corporation of America, Inc. ("PCA"), files this Notice of Removal of a pending state proceeding from the 36th Judicial District Court, Parish of Beauregard, Louisiana. The basis for removal is improper joinder and diversity of citizenship. 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, PCA states as follows:

**I.    Background**

1.   On January 18, 2018, Plaintiff filed an Original Petition in the 36th Judicial District Court, Beauregard, Louisiana in a case styled: *Amy Rolls On Behalf of Minor Child [A.R.] v. Packaging Corporation of America, Inc. Et Al,* Cause Number C-2018-0043 (the "state proceeding").

2.   On January 30, 2018, Plaintiff served defendant PCA.

3.   In the state proceeding, Plaintiff alleges that PCA and Mr. Wohlers knew or should have known their acts or omissions were "substantially certain to cause an explosion and would inevitably lead to death, damage, and injury" as alleged in the Petition. (Petition for Damages ("Pet.") ¶¶ 133, 134). Plaintiff alleges a survival action claim and seeks damages pursuant to

Louisiana Civil Code Article 2315.1, including "pain and suffering, loss of earnings, and other damages sustained by [William Rolls Jr.] up to the moment of death . . ." (Pet. 147). Plaintiff also alleges a wrongful death claim and seeks damages pursuant to Louisiana Civil Code Article 2315.2, including damages for loss of consortium, companionship and pecuniary support. (*Id*. 148). Plaintiff further seeks punitive damages against PCA. (*Id*. ¶ 150).

## II. Grounds for Removal

4. This Court has original jurisdiction over the state proceeding. The amount in controversy exceeds $75,000.00, exclusive of interests and costs. There is complete diversity of citizenship between the Plaintiff and PCA, the properly-pled defendant. Plaintiff, A.R., and her natural tutrix, Amy Rolls, are both residents of Louisiana. PCA is a citizen of Delaware and Illinois. (Pet. ¶ 11).

5. Timothy Wohlers is a citizen of Louisiana. (Pet. ¶ 9). Mr. Wohlers cannot destroy diversity jurisdiction because he has been improperly joined. 28 U.S.C. § 1332(a)(1); §§ 1441(a)-(b); *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

### A. Complete Diversity of Citizenship Exists Between Plaintiff and PCA.

6. Plaintiff, A.R., and her natural tutrix, Amy Rolls, are both residents of Beauregard Parish, Louisiana. (Pet. ¶ 1).

7. In the event this Court determines that additional information is required concerning Plaintiff's citizenship, PCA requests leave to conduct limited jurisdictional discovery on this issue. *In re MPF Holdings US LLC*, 701 F.3d 449, 457 (5th Cir. 2012).

8. Plaintiff has properly pled the citizenship of PCA. (Pet. ¶ 11). PCA is and was at the time Plaintiff commenced the state proceeding, a citizen of Delaware and Illinois. PCA is a corporation organized under the laws of Delaware with its principal place of business located in

Lake Forest, Illinois, from which its high-level officers direct, control, and coordinate the corporation's activities. 28 U.S.C. § 1332(c)(1).

**B.     The Amount-in-Controversy Requirement is Satisfied.**

9.     Louisiana law precludes a party from specifying a numerical value of claimed damages. 3 La. Code Civ. P. art. 893 ("No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand."). Plaintiff seeks damages for "pain and suffering, loss of earnings, and other damages sustained by [William Rolls Jr.] up to the moment of death . . ." (Pet. 147). Plaintiff also seeks damages for loss of consortium, companionship and pecuniary support of William Rolls, Jr. (*Id.* 148). Plaintiff further seeks punitive damages against PCA. (*Id.* 150). This amount clearly exceeds the $75,000 jurisdictional threshold. *See, e.g., Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882–83 (5th Cir. 2000) (finding that plaintiff's claim exceeded $75,000 based on her allegations of damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement). Therefore, it is clear from the face of the Petition that the "matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs." 28 U.S.C. § 1332.

**C.     The Citizenship of Timothy Wohlers Cannot Defeat Diversity Jurisdiction Because Timothy Wohlers Has Been Improperly Joined.**

10.     The doctrine of improper joinder prevents a plaintiff from defeating federal diversity jurisdiction simply by naming a non-diverse defendant. Improper joinder of a non-diverse party can be proven by showing "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Guillory v. PPG Indus.*, Inc., 434 F.3d 303, 308 (5th Cir. 2005) (citing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

11. Plaintiff cannot establish a cause of action against Mr. Wohlers for individual liability because she can identify no factual allegations to establish that Mr. Wohlers owed a "personal duty towards [her], breach of which specifically has caused [her] damages." *Canter v. Koehring Company,* 283 So.2d 716, 721 (La.1973).

12. The Louisiana Supreme Court has repeatedly insisted that liability cannot be imposed upon a managerial employee simply because a plaintiff has been injured in the workplace, nor can personal liability be imposed upon the officer, agent, or employee "simply because of his general administrative responsibility for performance of some function of the employment." *See Canter v. Koehring Co.,* 283 So. 2d 716 (La. 1973); *Pisciotta v. Allstate Ins. Co.*, 385 So. 2d 1176 (La. 1980); *Lytell v. Hushfield*, 408 So. 2d 1344 (La. 1982); *Brown v. White*, 430 So. 2d 16 (La. 1982); *Esco v. Smith*, 468 So. 2d 1169 (La. 1985).

13. To determine the personal liability of an employee to a third-party courts use the *Canter v. Koehring Company,* 283 So.2d 716, 721 (La.1973) criteria:

1. The principal or employer owes a duty of care to the third person ... breach of which has caused the damage for which recovery is sought;

2. This duty is delegated by the principal or employer to the defendant;

3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances- whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty;

4. ***With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages***. If the defendant's general responsibility has been delegated with due care to some

>responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

(Emphasis added).

14. Thus, in order for a person to be considered an executive officer who is personally liable for an injury within the criteria set forth by *Canter*, "that person must have some personal contact with and responsibility toward the injured employee." *Esco*, 468 So. 2d at 1175. Courts have further explained that "the correct test to be applied to determine whether the executive officers in [that] case are liable for [plaintiff's] injuries [is] whether the executive officer in question had some direct duty to provide [plaintiff] a safe place to work, including some control over purchase and availability of equipment and supplies." *Hoerner v. ANCO Insulations, Inc.*, 2000-2333 (La. App. 4 Cir. 1/23/02), 812 So. 2d 45, 63–64.

15. Plaintiff's allegations against Mr. Wohlers are based solely on his general administrative duties "in his capacity as a PCA employee." (Pet. ¶¶ 39-41). Plaintiff alleges that "in his capacity as a PCA employee and as mandated by PCA Senior Management Team, Tim Wohlers optimized all systems for higher performance based cost rather than safe operation of the recovery boiler, evaporator/concentrator system, and the NCG-SOG systems and the safe handling and disposal of dangerous by-products such as TRS and NCG-SOG." (*Id*. at 41). This boils down to an allegation that it was Mr. Wohlers' duty to optimize systems for high performance without any specific factual allegation as to what he allegedly did or did not do to cause Plaintiff's injury. Thus, even if proven true, these allegations do not establish any personal duty that Mr. Wohlers owed directly to Plaintiff.

16. Plaintiff further alleges that "in [Mr. Wohlers'] capacity as a PCA employee [he] was *personally* responsible for the day to day operations and direction of the PCA DeRidder Mill

5

recovery boiler, evaporator/concentrator system, and the NCGSOG systems and safe handling and disposal of dangerous by-products such as TRS and NCG-SOG." Here again, these are general administrative responsibilities that Plaintiff alleges are associated with Mr. Wohlers' position that do not amount to a personal duty owed to Plaintiff.

17. The Petition pleads no facts to show any act or omission committed by Mr. Wohlers that caused plaintiff's injuries. The Petition fails to plead any personal responsibility or knowledge that Mr. Wohlers possessed relative to any work being performed on the tank that was involved in the incident. The petition further pleads no personal contact that Plaintiff had with Mr. Wohlers in any way, shape or form. In short, Mr. Wohlers is being sued for his job title – nothing more.

18. Plaintiff has not pled – and cannot plead – the necessary elements of a claim against Mr. Wohlers. Rather, Plaintiff seeks to impose personal liability against him based solely on the general administrative duties associated with his job title. Louisiana law does not allow such an overreach. Accordingly, this Court should dismiss the claim against Mr. Wohlers on the basis of improper joinder.

**D.    The Other Prerequisites for Removal Have Been Satisfied**

19. This Notice of Removal is timely filed. 28 U.S.C. § 1446(b). Plaintiff served PCA on January 30, 2018. Pursuant to 28 U.S.C. § 1446(b), PCA has 30 days from that date to file this removal.

20. The 36th Judicial Court of Beauregard Parish, Louisiana is located within the Western District of Louisiana, Lake Charles Division. 28 U.S.C. §§ 1441(a); 98 (c).

21. The state proceeding may be removed to a federal court in the Western District of Louisiana because complete diversity of citizenship exists between the parties. 28 U.S.C. § 1441(b)(2). Plaintiff, A.R., and her natural tutrix, Amy Rolls, are both residents of Louisiana and PCA, the only properly joined defendant, is a resident of Delaware and Illinois.

22. The consent of Mr. Wohlers is not required because he is an improperly joined defendant. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (holding that applying the requirement that co-defendants consent to removal in cases alleging improper joinder "would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists."), *cert. denied*, 510 U.S. 828 (1993).

### III.   Additional Procedural Matters

23. A copy of this Notice of Removal is being served on plaintiff's attorney of record in the state proceeding and is being filed with the Clerk of the Parish of Beauregard. 28 U.S.C. § 1446(d).

24. As required by Title 28, United States Code, Section 1446(a), PCA has attached the following:

   a. An index of documents being filed (Exhibit 1);

   b. All process served in the case (Exhibit 2);

   c. All pleadings asserting causes of action in the state proceeding (Exhibit 3);

   d. The state court docket sheet for the state proceeding (Exhibit 4);

   e. A list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit 5).

25. By filing this Notice of Removal, PCA does not waive, and hereby reserves all defenses to Plaintiff's Original Petition, including but not limited to, failure to state a claim, lack of personal jurisdiction, improper venue and/or insufficiency of service of process.

### IV.   Conclusion

PCA respectfully requests that this Court enter such further orders and grant such further relief as may be necessary to secure the removal of the state proceeding from the 36th Judicial

District Court of Beauregard, Louisiana to the United States District Court for the Western District of Louisiana, Lake Charles Division.

WHEREFORE, defendant Packaging Corporation of America, Inc. prays that this Notice of Removal be accepted by this Honorable Court as good and sufficient and that this Court will enter such orders as may be proper in the premises.

Respectfully submitted,

Bienvenu, Bonnecaze, Foco, Viator & Holinga, APLLC

By /s F. Charles Marionneaux
David M. Bienvenu, T.A. (#20700)
Lexi T. Holinga (# 30096)
F. Charles Marionneaux (#18320)
Patrick H. Hunt (#34599)
4210 Bluebonnet Blvd.
Baton Rouge, LA 70809
Phone: (225) 388-5600
Fax: (225) 388-5622

*Attorneys for Defendants PCA and Timothy Wohlers*

## **CERTIFICATE OF SERVICE**

      This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this instrument via the USDC Western District's CM/ECF system on this the 14th day of February 2018; and, that a true and accurate copy of this instrument was also served on counsel for plaintiff, via fax, at the following numbers:

Anthony M. Fazzio
4906 Ambassador Caffery
Building J – Suite 1000
Lafayette, LA 70508
(337) 406-1122 (Phone)
(337) 406- 1120 (Fax)


This 14th day of February 2018

/s F. Charles Marionneaux
F. Charles Marionneaux